UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHACOLE ALLEN,

            Plaintiff,

    -against-

NEW YORK STATE ET AL,

           Defendants.
-----------------------------------------------------------------X

**ORDER**

2:24-cv-02800 (JS) (JMW)

**Albert Darnell Manuel, III**
**Cobia Malik Powell**
**Frederick K. Brewington**
Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, NY 11550
*Attorneys for Plaintiff*

**Toni E. Logue, Esq.**
NYS Attorney General's Office
200 Old Country Road, Suite 460
Mineola, NY 11501
*Attorney for Defendants New York State, New York State Office for People with Developmental Disabilities, and Charron Bynoe*

**Avrohom Y. Gefen**
Vishnick McGovern Milizio LLP
3000 Marcus Avenue, Suite 1E9
Lake Success, NY 11042
*Attorney for Defendant Debbie Sorg*

**WICKS,** Magistrate Judge:

      Presently before the Court is Defendants' New York State ("NYS"), New York State Office for People with Developmental Disabilities ("OPWDD"), and Charron Bynoe (collectively, "Defendants") motion to stay discovery pending an anticipated motion to dismiss

1

the Amended Complaint. (*See* ECF Nos. 24, 25.) Plaintiff Shacole Allen ("Plaintiff") does not oppose the motion for a stay. (*See* ECF No. 26.)

Although the motion to stay is unopposed, the Court nonetheless undertakes a review to determine whether a stay is warranted, mainly because a request to stay litigation is seemingly at odds with Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. For the reasons set forth below, the Court concludes a stay of discovery is not warranted, and thus Defendants' motion is **DENIED**.

## I.     BACKGROUND

Plaintiff, an African American woman who was formerly employed by the OPWDD, filed this action against NYS, the OPWDD, and her former supervisors at the OPWDD—Debbie Sorg[1] and Charron Bynoe. (*See generally* ECF No. 23.) Specifically, Plaintiff asserts three claims against the OPWDD for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") for (1) hostile work environment; (2) sexual harassment; and (3) retaliation. (*See id.* ¶¶ 111-146.) Moreover, Plaintiff brings claims against Sorg and Bynoe for violations of the New York State Human Rights Law ("NYSHRL") for discrimination, retaliation, and hostile work environment. (*See id.* ¶¶ 147-159.) Lastly, Plaintiff raises constitutional claims pursuant to 42 U.S.C. § 1983 against Sorg and Bynoe for their alleged violation of Plaintiff's equal protection and substantive due process rights under the Fourteenth Amendment. (*See id.* ¶¶ 160-172.)

---

[1] Defendant Debbie Sorg is represented by counsel separate from the attorney representing the three collective Defendants who filed the present motion to stay. (ECF No. 25 at p. 2.) As such, though Defendant Sorg indicated her approval of Plaintiff filing the Amended Complaint (*see* ECF No. 22), she has maintained no position regarding the motion to stay discovery or motion to dismiss the Amended Complaint.

2

On October 8, 2024, Defendants requested a pre-motion conference regarding their intention to file a motion to dismiss the Amended Complaint. (ECF No. 25 at p. 2.) This request was submitted by the three collective Defendants, yet without Defendant Sorg as she has maintained no position regarding the motion to stay discovery or the motion to dismiss the Amended Complaint. (*See* ECF No. 25 at p. 2.) Additionally, Defendants move to dismiss all of Plaintiff's causes of action and submit reasons for why each claim either lacks subject matter jurisdiction, is untimely, or is insufficient to adequately state a claim. (*Id.*) Lastly, the motion to dismiss, if successful, would dismiss Defendants NYS and Bynoe from the action but would leave untouched the OPWDD. (*See* ECF No. 25 at p. 3.)

## II.    LEGAL STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party

3

opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

It is against this backdrop that the Court considers the present application.

### III.   DISCUSSION

#### A. Whether Defendants Have Made a Strong Showing That Plaintiff's Claims Are Unmeritorious

Defendants assert that the stay ought to be granted because *most* of Plaintiff's causes of action would be dismissed on two grounds: (1) a majority of Plaintiff's claims are time-barred under the applicable statute of limitations; and (2) Plaintiff failed to state plausible claims under Fed. R. Civ. P. 12(b)(6). (ECF No. 23 at p. 2.) As set forth below, the Court finds Defendants have not made the requisite strong showing that Plaintiff's claims are unmeritorious to justify a stay of discovery.[2]

**(1) Statute of Limitations**

*Plaintiff's Title VII Claims*

Defendants first argue that a majority of Plaintiff's claims are time-barred "because all alleged conduct took place outside of the applicable statutes of limitation." (ECF No. 25 at p. 2.) Specifically, Defendants assert that the Title VII hostile work environment and sexual harassment claims against OPWDD are untimely because "only discrete acts of discrimination alleged within 300 days of the filing an administrative complaint are timely." (*Id.*) Accordingly,

---

[2] The Court's consideration and analysis of the arguments set forth in the motion to dismiss is purely for purposes of weighing whether a stay should be granted in light of Fed. R. Civ. P. 1. – the Court is not prejudging the merits of the anticipated motion to dismiss.

4

Defendants posit that allegations relating to conduct prior to July 20, 2021 are time-barred because Plaintiff filed her complaint with the New York State Division of Human Rights ("Administrative Complaint") on May 16, 2022. (*Id.*) Though Defendants address the timeliness of four causes of action, they neglect to address the timeliness of Plaintiff's retaliation claim under Title VII. (*See* ECF No. 25 at p. 2.) Conversely, Plaintiff contends that her Title VII claims are timely because one unlawful practice by Defendants occurred within the statute of limitations period, thereby allowing a court to "view the totality of [Defendants'] unlawful practices", including actions that occurred outside the 300-day period. (ECF No. 26 at pp. 1-2.)

The statute of limitations for Title VII claims requires a plaintiff to file an administrative claim with the Equal Employment Opportunity Commission within 300 days of the violative conduct. *Carter v. New York City Dep't of Corrections*, 7 F. App'x 99, 102–03 (2d Cir. 2001). This 300-day statute of limitations is, however, subject to an exception, specifically where the particular Title VII claim asserted is part of an ongoing practice of harassment or retaliation— commonly referred to as a "continuing violation". *See Banks v. General Motors, LLC*, 81 F.4th 242, 259 (2d Cir. 2023). Under circumstances evidencing a continuing violation, the court may then consider acts and conduct outside of the 300-day period if relevant to the discriminatory practice or policy. *See Rivas v. N.Y. State Lottery*, 745 F. App'x 192, 193 (2d Cir. 2018). Such an exception effectively delays the statute of limitations period for Title VII claims until the last act in furtherance of the discriminatory practice or policy occurs. *Gomes v. Avco Corp.*, 964 F.2d 1330, 1333 (2d Cir. 1992) (citation omitted).

On May 16, 2022 Plaintiff filed her Administrative Complaint on the basis of unlawful employment actions, including sexual harassment, hostile work environment, and retaliation for reporting and opposing alleged discriminatory practices. (ECF No. 23 ¶¶ 1, 7.) The 300-day

5

statute of limitations period, therefore, would have commenced on July 20, 2021. (ECF No. 25 at p. 2.) However, based on the record before the Court,[3] it appears that Plaintiff demonstrated that before July 20, 2021, Defendants engaged in, or knew about, acts of sexual harassment and unwanted sexual advances towards Plaintiff (ECF No. 23 at ¶¶ 22-24, 36-37, 40-42), participated in conduct amounting to an overall hostile work environment (ECF No. 23 at ¶¶ 55-60), and took action to retaliate against Plaintiff. (ECF No. 23 at ¶¶ 43, 49); *see Banks*, 81 F.4th at 259 (noting the 300-day statute of limitations is subject to an exception, specifically where the particular Title VII claim asserted is part of an ongoing practice of harassment or retaliation—commonly referred to as a "continuing violation"). As such, it is possible that the conduct occurring before July 20, 2021 may be considered in conjunction with acts occurring within the 300-day period. *See Rivas*, 745 F. App'x at 193 (finding that under circumstances evidencing a "continuing violation", the court may then consider acts and conduct outside of the 300-day period if relevant to the discriminatory practice or policy).

At this stage, it appears that Plaintiff's Title VII claims are timely.

*Plaintiff's NYSHRL Claim*

Defendants posit that Plaintiff's NYSHRL claim exceeds the applicable three-year statute of limitations because the only alleged conduct amounting to an actionable claim occurred before April 15, 2021—three years before the original Complaint was filed. (ECF No. 25 at p. 2); *see Bermudez v. City of New York*, 783 F. Supp. 2d 560, 607 (S.D.N.Y. 2011) ("The statute of limitations for claims under the NYSHRL . . . is three years.") Conversely, Plaintiff alleges that her Administrative Complaint, which she filed on May 16, 2022, tolled the three-year statute of limitations. (ECF No. 26 at p. 2.)

---

[3] In reaching the conclusions set forth herein, the Court considers the arguments made in the parties' pre-motion letters only, without the benefit of fully briefed papers on the motion to dismiss.

Here, the timeliness argument that Plaintiff sets forth appears, at least on its face, to have merit considering Plaintiff filed her Administrative Complaint (ECF No. 23 at ¶¶ 1, 7) which functions to effectively toll the statute of limitations. *See Dinis v. New York City Dep't of Educ.*, No. 22-cv-7741, 2024 WL 1421160, at *6 (S.D.N.Y. Feb. 8, 2024) (following the "recent trend in this Circuit" that the filing of the EEOC/NYSDHR claim tolled the statute of limitations on NYSHRL claims). At this juncture, it appears that Plaintiff's NYSHRL claim is timely.

*Plaintiff's § 1983 Claims*

Similar to the arguments raised *supra*, Defendants contend that Plaintiff's § 1983 claims exceed the applicable three-year statute of limitations because the only alleged conduct amounting to an actionable claim occurred before April 15, 2021—the relevant three-year statute of limitations period. (ECF No. 25 at p. 2); *see Kane v. Mount Pleasant Central School District*, 80 F.4th 101, 108 (2d Cir. 2023) ("[I]n New York, the statute of limitations for Section 1983 claims . . . is three years.")  In contrast, Plaintiff asserts that the sexually harassing conduct continued into 2021, thus making her § 1983 claim timely. (ECF No. 26 at p. 3.)

At this stage, it is likely that Plaintiff's § 1983 claim is timely as Defendant Bynoe's allegedly violative actions and conduct stretched into 2021, especially when considering her continued supervisory rule at OPWDD and her potential knowledge of additional discriminatory actions taken by other OPWDD employees. (*See* ECF No. 23 at ¶¶ 64-69.) For instance, Defendant Bynoe was one of the employees that Defendant Sorg would talk to about Plaintiff when she was on medical leave from September 2020 to July 2021—conversations that "were for no other reason than to intimidate and continually harass [Plaintiff]". (*Id.*) Additionally, Plaintiff's discrimination complaint, which she filed with the Governor's Office of Employee Relations ("GOER") in July 2021, was found to be substantiated. (*Id.* at ¶ 72.) Subsequently,

7

however, "Defendant Sorg was never disciplined nor was she ever held accountable for her unlawful sexual harassment against [Plaintiff] . . . ." (*Id.* at ¶ 74.) Thus, it appears that Plaintiff's § 1983 claim is timely.

### (2) Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Defendants alternatively advance that the "majority of the Amended Complaint" should be dismissed for failure to state a plausible claim. (ECF No. 25 at p. 2.) In contrast, Plaintiff contends that her five causes of action are likely to survive a motion to dismiss. (ECF No. 26 at p. 3.) Analyzing the facts and circumstances set forth *infra*, the Court finds that Defendants have failed to establish the requisite strong showing that Plaintiff's claims would be unmeritorious.

*Plaintiff's Title VII Claims*

First, regarding Plaintiff's hostile work environment and sexual harassment claims under Title VII, Defendants assert that Plaintiff failed to allege that the OPWDD had knowledge of Sorg's allegedly violative conduct until Plaintiff filed her initial complaint. (ECF No. 25 at p. 2.) Furthermore, according to Defendants, Plaintiff's retaliation claim would likewise not survive a motion to dismiss considering Defendants had a legitimate, non-retaliatory reason for taking the alleged adverse action against Plaintiff—the investigation into Plaintiff for her supposed employment outside of OPWDD. (*Id.* at p. 3.)

Conversely, Plaintiff contends that her sexual harassment claims set forth facts sufficient to prove ongoing sexual harassment, which Defendants subsequently ignored, well before Plaintiff's initial complaint was filed. (ECF No. 26 at p. 2.) In addition, Plaintiff posits that the complaint filed against her one week after she filed her internal harassment complaint constitutes

8

an adverse action. (*Id.* at p. 4.) Concededly, however, Plaintiff admits that she "does not have further information on that complaint because this case is in a pre-discovery stage." (*Id.*)

At this stage in the proceedings, it appears to the Court that Defendants have not made a strong showing that Plaintiff's Title VII claims are unmeritorious. With respect to her sexual harassment and hostile work environment claims, Plaintiff, on numerous occasions, alleges that she was subjected to unwanted sexual advances, questions, and comments by her supervisors. (*See* ECF No. 23 at ¶¶ 24, 32-33, 37-40.) Notably, Plaintiff highlights instances pre-dating July 19, 2021 where Sorg routinely commented about engaging in a romantic and sexual relationship with Plaintiff (*id.* at ¶ 40), spoke about Plaintiff's breasts (*id.* at ¶ 19), grabbed her breasts (*id.* at ¶ 24), and texted sexually suggestive messages to Plaintiff individually and in group settings. (*Id.* at ¶¶ 30-31.) Such conduct continued throughout Plaintiff's employment and even continued when she left for medical leave. (*Id.* at ¶¶ 64-70.) Indeed, as a result of this behavior, Plaintiff's productivity was impacted as, for instance, she was effectively forced to leave work for the day after some of these sexual advancing comments were made. (*Id.* at ¶ 24.)

Furthermore, regarding Plaintiff's retaliation claim, Plaintiff filed a discrimination complaint against Defendant Sorg alleging sexual harassment (*id.* at ¶ 71), which Defendants knew about (*see id.* at ¶¶ 72-77), and which subsequently resulted in an investigation into Plaintiff based on Defendants' "retaliatory accusations". (*See id.* at ¶¶ 84-89.) Though, as Plaintiff concedes, this claim needs more information, Defendants have still failed to put forth a strong showing that Plaintiff's Title VII claims would be unmeritorious.

*Plaintiff's NYSHRL Claim*

Defendants assert that this cause of action should be dismissed because Bynoe cannot be held as a primary violator because public employees—like herself—do not qualify as an "employer" under the NYSHRL's purview. (ECF No. 25 at p. 3.) Alternatively, Plaintiff contends that this claim would survive a motion to dismiss because Bynoe aided and abetted actionable discriminatory conduct. (ECF No. 26 at p. 4.) Specifically, Bynoe's role as a supervisory witness to Sorg's violative conduct, coupled with Bynoe's intentional neglect to report such conduct, is adequate to survive a motion to dismiss. (*Id.*)

The Court is satisfied that Plaintiff's NYSHRL claim has merit as Defendants have not put forth a strong showing to the contrary. Throughout the Amended Complaint, Plaintiff demonstrates that she was openly sexually harassed by Sorg but also with the "support and cover" of Bynoe. (ECF No. 23 at ¶ 114.) For instance, Bynoe is alleged to have closed the office door to "prevent others from hearing the inappropriate discourse" between Plaintiff and Sorg. (*Id.* ¶ 21.) Moreover, Bynoe was present when Sorg grabbed Plaintiff's breasts (*id.* ¶¶ 23-26), and when Sorg indicated that he and Plaintiff should be involved romantically. (*Id.* ¶ 40.) Despite Bynoe's presence, no subsequent disciplinary measures were implemented. Accordingly, such a claim seems meritorious at this juncture.

*Plaintiff's § 1983 Claim*

Defendants, in addressing Plaintiff's § 1983 claim, maintain that Plaintiff is barred from suing Bynoe in her official capacity "and has failed to allege the personal involvement of Bynoe in alleged Fourteenth Amendment violation." (ECF No. 25 at p. 3.) On the other hand, Plaintiff argues that Bynoe was "personally involved" in the actions that amounted to a continued hostile work environment and unconstitutional conduct. (ECF No. 26 at p. 4.) Moreover, Plaintiff agrees

10

that pursuing the claim against Bynoe is barred by the Eleventh Amendment, yet she declares that she is not pursuing the claim against Bynoe in her official capacity. (*Id.*) Here, it appears to the Court that, for the same reasons as to why the NYSHRL claim appears to have been sufficiently pleaded demonstrating merit, Defendants have failed to "strongly show" that Plaintiff's § 1983 claim would be unmeritorious.

### B. Breadth of Discovery and the Corresponding Burdens

Defendants aver that they should not have to "begin discovery on substantial portions of the Amended Complaint as it exists currently." (ECF No. 25 at p. 3.) Here, however, the breadth and burden do not appear to be "substantial" considering all five causes of action involve strikingly similar conduct by virtually the same parties within the same general time period. For example, Plaintiff's Title VII retaliation claim, the one she admittedly needs more information for, spans a mere few years. The claim begins with the filing of her GOER discrimination complaint in July 2021 (ECF No. 23 at ¶ 71), Defendants' subsequent investigation into Plaintiff one month later (ECF No. 23 at ¶ 80), and the allegedly actionable conduct shortly thereafter. (ECF No. 23 at ¶ 94.)

Additionally, should the Court grant a stay in discovery and motion to dismiss, the moving parties would likely nevertheless be required to participate in discovery as to the non-moving defendant—Defendant Sorg. *See Hachette Distrib. Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358–59 (E.D.N.Y. 1991) (Spatt, J.) (denying the motion to stay discovery after determining that if the motion to dismiss were granted, and the action were dismissed against the moving defendants, plaintiff would likely still engage in discovery with respect to those moving defendants as non-parties); *see also Sanders v. Sheppard*, No. 16-CV-6526 (CBA) (SJB), 2019 WL 1574952, at *2 (E.D.N.Y. Mar. 11, 2019) (permitting plaintiff "to take the

11

discovery that [the moving defendant] inevitably will be forced to turn over", thereby rejecting a stay of discovery). Specifically, as the motion to stay discovery is sought by only three of the four defendants (*see* ECF No. 25), the discoverable information Plaintiff would seek from Defendant Sorg would encompass the actions, omissions, and conduct undertaken by the moving Defendants too. *See Cambridge Capital LLC v. Ruby Has LLC*, No. 20-cv-11118 (LJL), 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021) (denying the motion to stay discovery where the causes of action arose out of the same set of operative facts and discovery would have occurred regardless even with dismissal); *see also Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) (concluding that the motion to stay discovery should be denied given that the allegations in the complaint indicated that the moving defendants would be important witnesses in the case, thus, even if dismissed, those moving defendants would be subjected to discovery by the plaintiff). Accordingly, this factor weighs against granting the stay of discovery.

C. **Risk of Unfair Prejudice if Stay is Granted to the Party Opposing the Stay**

It appears at this stage that, although discovery has just begun, prejudice, despite not being substantial, nevertheless exists if the Court grants a stay in discovery. Mainly, Plaintiff plans to request an additional amendment to her Amended Complaint in the event the Court finds that she has failed to meet the plausibility standard to survive a motion to dismiss.[4] (ECF No. 26 at p. 4.) Accordingly, if a stay of discovery is granted, Plaintiff would blindly be realleging claims without the benefit of discovery to help bolster her causes of action. Furthermore, as indicated *supra*, Plaintiff's Title VII retaliation claim needs more information "because this case is in a pre-discovery stage". (ECF No. 26 at p. 3.) Such a need for information would be abruptly

---

[4] At the conclusion of Plaintiff's letter in opposition to the pre-motion conference, she states: "[i]n the event that the Court believes that Plaintiff has not met her plausibility burden, we respectfully request for the Court to allow us to further amend the Complaint." (ECF No. 26 at p. 4.)

12

nulled if the Court stays discovery. Accordingly, the prejudice to Plaintiff is sufficient to deny the motion to stay discovery at this juncture.

### IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay (ECF No. 25) is **DENIED**.

Dated: Central Islip, New York
November 1, 2024

S O  O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge