FILED
CLERK

1:56 pm, Oct 20, 2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHACOLE ALLEN,

        *Plaintiff*,

   -against-

NEW YORK STATE, NEW YORK STATE OFFICE
FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES,
DEBBIE SORG (*in her personal and official capacity*), and
CHARRON BYNOE (*in her personal and official capacity*),

        *Defendants*.
-------------------------------------------------------------------X

**ORDER**

2:24-cv-02800 (SJB) (JMW)

**A P P E A R A N C E S:**

   **Albert Darnell Manuel, III**
   **Cobia Malik Powell**
   **Frederick K. Brewington**
   Law Offices of Frederick K. Brewington
   556 Peninsula Boulevard
   Hempstead, NY 11550
   *Attorneys for Plaintiff*

   **Toni E. Logue, Esq.**
   NYS Attorney General's Office
   200 Old Country Road, Suite 460
   Mineola, NY 11501
   *Attorney for Defendants New York State, New York State*
   *Office for People with Developmental Disabilities, and*
   *Charron Bynoe*

   **Avrohom Y. Gefen**
   Vishnick McGovern Milizio LLP
   3000 Marcus Avenue, Suite 1E9
   Lake Success, NY 11042
   *Attorney for Defendant Debbie Sorg*

**WICKS,** Magistrate Judge:

Plaintiff Shacole Allen ("Plaintiff") commenced this action against Defendants New York State ("NYS"), New York State Office for People with Developmental Disabilities ("OPWDD"), Charron Bynoe, and Debbie Sorg for various alleged violations of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), and 42 U.S.C. § 1983 on the basis of unlawful employment actions, including incidents contributing to a hostile work environment and retaliation for complaints of such incidents. (ECF No. 1.)

Before the Court is the motion to compel filed by Defendants NYS, OPWDD, and Charron Bynoe (collectively, "Moving Defendants") that seeks an order compelling medical authorizations following the production of the Expert Report of Dr. Kimberly Williams in which additional medical providers who prescribed medications to Plaintiff for depression and pain management were identified. (*See* ECF No. 37.) For the reasons set forth below, Moving Defendants' motion to compel (ECF No. 37) is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff, an African American woman formerly employed by the OPWDD, filed this action against NYS, the OPWDD, and her former supervisors at the OPWDD, Debbie Sorg[1] and Charron Bynoe. (*See generally* ECF No. 23.) Plaintiff asserts three claims against the OPWDD for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), including (1) hostile work environment; (2) sexual harassment; and (3) retaliation. (*See id.* ¶¶ 111-146.) In addition, Plaintiff brings claims against Sorg and Bynoe for violations of the New York State Human Rights Law ("NYSHRL") for discrimination, retaliation, and hostile work environment. (*See id.*

---

[1] Defendant Debbie Sorg is represented by counsel separate from the attorney representing the three collective Moving Defendants who filed the present motion to compel. (ECF No. 37 at p. 1.) She maintains no position regarding the motion.

2

¶¶ 147-159.) Plaintiff's remaining cause of action is based on constitutional claims pursuant to 42 U.S.C. § 1983 against Defendants Sorg and Bynoe for their alleged violation of Plaintiff's equal protection and substantive due process rights under the Fourteenth Amendment. (*See id.* ¶¶ 160-172.)

While employed at OPWDD, Plaintiff alleges that Sorg made comments about Plaintiff's breasts several times each month. (ECF No. 23 at ¶ 18.) Additionally, Plaintiff contends that Bynoe would often close the office door to prevent others from hearing the discourse. (*Id.* at ¶ 21.) After refusing Sorg's sexual and romantic advances, Plaintiff was given an increased workload, tasked with overseeing more than fifty residences, managing a Staffing Unit, serving as a liaison with the Regional Office, and more. (*Id.* at ¶¶ 47-48.) Defendant OPWDD was allegedly aware of the ongoing conduct after several employees retired, had breakdowns, or transferred under Sorg's supervision, but did not address the misconduct. (*Id.* at ¶ 55.) Plaintiff eventually filed a discrimination complaint against Sorg on or about July 19, 2021 and the claims were found to be substantiated by the Governor's Office of Employee Relations ("GOER") Anti-Discrimination Investigation Division. (*Id.* at ¶ 71-72.) However, Sorg was permitted to retire with no disciplinary action and interact with Plaintiff after retirement. (*Id.* at ¶ 96.)

Consequently, Plaintiff now seeks monetary relief, compensatory, special, and punitive damages. (*Id.* at ¶ 2.) Plaintiff seeks these damages on the basis of past and continued suffering of distress, humiliation, embarrassment, and great emotional damage for the irreparable injury of mental anguish and humiliation that Plaintiff experienced. (*Id.* at ¶¶ 126-127, 136-137, 145-146, 158-159, 171-172.)

Moving Defendants filed the current motion to compel on August 25, 2025, seeking an order directing Plaintiff to produce medical authorizations following Dr. William's Expert

3

Report which refers to Plaintiff's rendition of prior medical treatment she received, specifically mentioning Plaintiff's "unnamed primary care physician" who provided Plaintiff Wellbutrin and Prozac for her depression, a neurologist, Dr. McMonigle, who administrated a ketamine-based pain medication to Plaintiff, and indicates that Williams administrated various psychological testing to Plaintiff and made notes during this testing. (*See* ECF No. 37 at pp. 1-2.) Plaintiff opposed on September 9, 2025, arguing that Moving Defendants' requests are irrelevant to Plaintiff's claims and are, in part, premature considering Moving Defendants have not yet scheduled the deposition of Plaintiff's doctor. (ECF No. 38.)

## **LEGAL STANDARD**

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, No. 22-CV-03398 (GRB)(JMW), 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023) (citation omitted). "Rule 26 of the Federal Rules of Civil Procedure, as amended in 2015, provides that a party is entitled to discovery on 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.' Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Pincus Law Group, PLLC v. MJ Connections, Inc.*, No. 23-cv-05528 (SJB) (JMW), 2025 WL 1070384, at *2 (E.D.N.Y. Apr. 9, 2025) (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)) (quoting Fed. R. Evid. 401). "Under the amended rules, '[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" *Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 25-cv-00428 (SJB) (JMW),

4

2025 WL 1808677, at *3 (E.D.N.Y. July 1, 2025) (quoting *Goss v. E.S.I. Cases & Accessories, Inc.*, No. 18-CV-2159 (GBD)(JLC), 2019 WL 3416856, at *2 (S.D.N.Y. July 30, 2019)).

It is under this framework that the Court considers Moving Defendants' motion.

## DISCUSSION

1. **Mental Health Records from Nancy Nosewicz, LCSW**

Moving Defendants seek Plaintiff's mental health records from Nancy Nosewicz, LCSW, through her office, "Talk Space." (ECF No. 37 at p. 2.) Plaintiff, however, states that "Plaintiff is in agreement that Defendants are entitled to these records" and agreed to "willingly provide that to Defendants." (ECF No. 38 at pp. 2-3.) The parties have supposedly contacted Nosewicz's office and Plaintiff is willing to work through Talk Space's specific process for HIPAA authorizations to obtain the records and "will willingly provide" the records. (*Id.* at p. 3.) As such, this portion of Moving Defendants' motion to compel is denied as moot. *See Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 25-cv-00428 (SJB) (JMW), 2025 WL 1808677, at *5 (E.D.N.Y. July 1, 2025) (denying a motion to compel as moot where "Defendant has agreed to provide the discovery that Plaintiffs requested . . . .")

2. **Records from Dr. McMonigle**

   a. *The Physician-Patient Privilege and Scope of Waiver*

New York has long recognized physician-patient privilege which protects information acquired by a medical professional "in attending a patient in a professional capacity, and which is necessary to enable the medical professional to act in that capacity." *Haeman v. Gerber Products Co.*, Nos. 15-CV-2995 (MKB)(RER), 2018 WL 5651357, at *1 (E.D.N.Y. Oct. 09, 2018) (citing N.Y. C.P.L.R. § 4504(a) (McKinney 2018)). New York courts, however, find that a party waives the physician-patient privilege when the party "affirmatively [places] his or her

5

physical or mental condition at issue." *Frawley v. City of New York*, 202 N.Y.S.3d 135, 137 (App. Div. 2d Dep't 2023). In those situations, the party must then "provide duly executed and acknowledged written authorizations for the release of pertinent medical records." *Id.* (citing *DiLorenzo v. Toledano*, 136 N.Y.S.3d 905, 906 (App. Div. 2d Dep't 2021)).

Indeed, this "at-issue" waiver does not trigger boundless and unfettered discovery of the "protected party's physical and mental condition." *Watt v. AvalonBay Communities*, 22-cv-07671 (JMW) 2023 WL 5179634, at *3 (E.D.N.Y. Aug. 11, 2023) (citing *Carter v. Fantauzzo*, 684 N.Y.S.2d 384, 385 (App. Div. 4th Dep't 1998). Rather, the waiver of physician-patient privilege operates only as to those conditions that Plaintiff affirmatively placed in controversy. A party affirmatively places a condition in controversy where a party asserts the condition "either by way of counterclaim or to excuse the conduct complained of by the plaintiff" in the pending action. *Dillenbeck v. Hess*, 536 N.E.2d 1126, 1128 (N.E. 1989) (quoting *Koump v. Smith*, 250 N.E.2d 857, 861 (N.Y. 1969)); *Fox v. Marshall*, 936 N.Y.S.2d 307, 309 (App. Div. 2d Dep't 2012). Similarly, a waiver of the physician-patient privilege may occur when "the patient personally, or through his witnesses, either lay or medical, introduces testimony or documents concerning privileged information. . . . It also results from failure to object to disclosure of privileged information." *See Palma v. Harnick*, 817 N.Y.S.2d 640, 642 (App. Div. 2d Dep't 2006) (citation omitted) (internal marks omitted).

Upon waiver of privilege, the party seeking discovery bears the burden of establishing relevance. *See Watt*, 2023 WL 5179634, at *3; *see also Ravago Americas v. Dmytruk*, No. 3:18-cv-2054 (AWT), 2019 WL 11638876, at *1 (D. Conn. Mar. 3, 2019) (citing *Mandell v. The Maxon Co., Inc.*, No. 06-CV-460 (RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007)) (finding the burden of establishing relevance is borne by the party seeking discovery). That

6

remains true even when the information sought from the adverse party are medical records. *See Budano v. Gurdon*, 948 N.Y.S.2d 612, 615 (App. Div. 1st Dep't 2013) ("The burden of proving that a party's mental or physical condition is in controversy, for purposes of obtaining relevant hospital records, is on the party seeking the records."). Once the initial burden of establishing the condition "is at issue" has been met, the burden shifts to the party resisting discovery to explain why the information sought nevertheless remain privileged. *See Watt*, 2023 WL 5179634, at *3 (citing *Palma*, 817 N.Y.S.2d at 642).

      b. *Plaintiff Put Her Condition "At Issue"*

In *Persaud*, this Court ordered the production of pre- and post-accident eye care records following a plaintiff's slip and fall on a liquid substance in defendant's store. *Persaud v. Costco Wholesale Corp.*, No. 2:24-cv-04336 (GRB) (JMW), 2025 WL 343444, at *6 (E.D.N.Y. Jan. 30, 2025). The plaintiff in *Persaud* put her eye condition "at issue" after submitting medical records during discovery which indicated that she received prior treatment for arcuate defects and bilateral myopia, conditions that result in nearsightedness. *Id.* at *3. The court held that because her eye condition "is a condition that may excuse defendant's conduct at the time of the accident," plaintiff placed her condition at issue and, similarly, that "by virtue" of her allegations and claimed damages for pain, suffering, inconvenience, and loss of enjoyment of life, she placed conditions related to her eyesight "at issue." *See id.* at *4 (citing *Watt*, 2023 WL 5179634, at *3).

Plaintiff's asserted injuries in this action include "mental anguish," "distress, humiliation, embarrassment, and great emotional damage." (ECF No. 23 at ¶¶ 126, 136, 146, 158, 172.) Moving Defendants seek HIPAA authorizations for entire records of Dr. McMonigle, Plaintiff's neurologist who "has been administrating a ketamine-based pain medication to Plaintiff" for a

7

prior surgery, following the mention of Dr. McMonigle in Dr. Williams' Expert Report. (ECF No. 37 at p. 2.)

The rationale of *Persaud* applies equally here. Just as the pre- and post-accident eye records were placed at issue in *Persaud*, Plaintiff here placed her neurological condition at issue after serving her expert disclosure which indicated Plaintiff has been receiving a ketamine-based pain medication from Dr. McMonigle following a prior surgery she had (*see* ECF No. 37 at p. 2) in addition to asserting damages for "mental anguish," distress, humiliation, and "great emotional damage" as a result of the Defendants' purported misconduct. *See Watt*, 2023 WL 5179634, at *3; *Deckler v. Olander*, No. 3:12-CV-277 (WWE), 2013 WL 1914485, at *1 (D. Conn. May 08, 2013) ("At a minimum, based on the plaintiff's allegations, defendants are entitled to know the state of the plaintiff's health prior to the accident."); *Vargas v. U.S.*, 401 F.Supp.3d 346, 347 (E.D.N.Y. 2018) ("There can be no dispute that Plaintiff has put her medical condition and her medical history at issue; she seeks damages for injuries suffered following an accident she alleges was caused by the Defendant") (internal citations omitted). It is by virtue of these allegations that Plaintiff has placed her neurological and mental condition at issue.

    c. *Are the Records Sought Relevant and Proportional?*

*Even if* Plaintiff affirmatively put her neurological condition at issue, that standing alone would not satisfy whether the records sought are "relevant to any party's claim or defense" and thus "proportional to the needs of the case." *Persaud*, 2025 WL 343444, at *4 (citing Fed. R. Civ. P. 26(b)(1)). These two requirements "go hand in hand," and thus "the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate." *Watt*, 2023 WL 5179634, at *3 (citing *New Falls Corp. v. Soni*, No 16-Cv-6805 (ADS)(AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020)). That burden of proving

8

relevance and proportionality of the documents or information sought must still be satisfied by the party seeking discovery. *See Persaud*, 2025 WL 343444, at *4 (citing *Watt*, 2023 WL 5179634, at *4).

Here, Moving Defendants "request that the Court order Plaintiff to produce HIPAA authorizations for the *entire records* of . . . Dr. McMonigle . . . ." (ECF No. 37 at p. 3) (emphasis added). Dr. McMonigle's records, including those relating to the ketamine-based medication that McMonigle prescribed to Plaintiff, may be relevant to her mental status as of the date of offending behavior by Defendants. The records, therefore, relate directly to the damages Plaintiff now seeks—distress, humiliation, mental anguish, and "great emotional damage." *See Melendez v. Falls*, No. No. 06-CV-6198CJS, 2010 WL 811337, *2 (W.D.N.Y. Mar. 3, 2010) (finding defendants were entitled to inspect records "that reveal medical conditions or injuries . . . that could have contributed to or aggravated the injuries [plaintiff] claims resulted from th[e] incident"); *but see Watt*, 2023 WL 5179634, at *4 (limiting discovery only to the conditions both at issue and actually relevant after noting that defendant did not totally satisfy this burden when seeking to compel disclosure of medical records of a condition "not at issue . . . nor relevant to any of the Defendant's claims or defenses").

Moving Defendants' particular request seeking "*entire records*" from Dr. McMonigle, however, stretches beyond the bounds of proportionality in this case. Indeed, though a neurologist like Dr. McMonigle may perform cognitive testing and maintain records particular to a patient's mental state, that same neurologist may also maintain records relating to the treatment of that patient's spine and nervous system—information wholly irrelevant to this case and to the damages Plaintiff is asserting. The request is also not limited temporally so as to ensure that the

9

records McMonigle would be producing fall within the ambit of when Plaintiff was working at or near the time of her employment with Defendants.

Accordingly, Moving Defendants' motion to compel medical authorizations from Dr. McMonigle is granted to the extent that the authorizations shall only seek authorizations for records limited to those relating to the ketamine-based medication McMonigle prescribed to Plaintiff. The request for "entire records" is denied at this juncture.

### 3. Records from Plaintiff's Unnamed Primary Care Physician

Moving Defendants argue that they are entitled to HIPAA authorizations for "the entire records of Plaintiff's unnamed primary care physician" following the mention of the physician's treatment of Plaintiff in Dr. Williams' Expert Report. (ECF No. 37 at p. 2.) Plaintiff argues that her "entire health history is not a fact in controversy in this matter" and Moving Defendants' request for all of Plaintiff's primary care records is "substantially overbroad." (ECF No. 38 at p. 3.) Similar to the conclusion reached above, though Plaintiff placed her mental condition "at issue," Moving Defendants' request for "entire records" is extremely overbroad and disproportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1); *see also Go v. Rockefeller Univ.*, 280 F.R.D. 165, 179 (S.D.N.Y. 2012) (denying a motion to compel in a Title VII action for multiple requests seeking "any and all documents" as overbroad under Rule 26); *see also Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 153 (E.D.N.Y. 2008) (denying a motion to compel certain requests for "all documents" as overbroad and irrelevant). Accordingly, that branch of Moving Defendants' motion is denied given the lack of detail as to who the physician is or why disclosing the "entire records" are proportional to this case.

10

### 4. Psychological Tests Administered from Dr. Williams and Dr. Williams' Notes Related to Psychological Tests

Moving Defendants seek the "full psychological tests administered, the actual test results (not just a summary) and Dr. Williams' notes generated related to the administration of these tests" to Plaintiff. (ECF No. 37 at p. 2.) Plaintiff objects to Moving Defendants' characterization that what they received was "just a summary." (ECF No. 38 at p. 4.) Though Plaintiff concedes that Moving Defendants "may be entitled to notes made by Dr. Williams," Plaintiff states that the full psychological tests administered were stated and described in Dr. Williams' report and "Defendants are in possession of the report and scores." (*Id.*)

To the extent that Moving Defendants are in possession of the full psychological tests administered, that portion of the motion is denied as it is moot. To the extent that Moving Defendants are not in possession of the full psychological tests administered, the question is one of relevance and proportionality. Here, the records sought by Moving Defendants are relevant and proportional to the needs of the case because the contents of the records, Plaintiff's psychological condition is relevant to the emotional damage claims Plaintiff asserts. *Compare Belvin v. Electchester Management, LLC*, 635 F. Supp. 3d 190, 197 (E.D.N.Y. 2022) (finding mental diagnoses and symptoms are relevant to a determination of emotional distress damages), with *Tota v. Bentley*, No. 06CV514, 2008 WL 495508, at *5 (W.D.N.Y. Feb. 21, 2008) (denying a motion to compel where plaintiff only alleged physical injuries and "not any emotional claims that would expose his mental state to further inquiry).

Dr. Williams was retained by Plaintiff for purposes of expert discovery as an emotional distress psychological expert. (*See* ECF No. 36.) The records from Dr. Williams' psychological testing of Plaintiff were generated for purposes of this case, where Plaintiff is alleging injuries

11

directly pertaining to, and seeking damages for, "distress" and "great emotional damage." (ECF No. 23 at ¶¶ 126, 136, 145, 158, 171.)

Plaintiff also contends that Moving Defendants' motion is "premature" as Moving Defendants have not scheduled or conducted a deposition with Dr. Williams. Moving Defendants' failure to schedule a deposition with Dr. Williams is not a basis for denying the motion to compel seeking the otherwise relevant and proportional request relating to Plaintiff's psychological health. Additionally, Plaintiff provides no authority as to how one party's failure to schedule a deposition prevents the parties from complying with their current discovery obligations. Accordingly, that branch of Moving Defendants' motion is granted.

5. **Extension of Discovery until December 31, 2025**

Moving Defendants request an extension of discovery[2] on the grounds that their expert will need adequate time to review and issue a report on the pending documents resulting from the outstanding discovery requests in their motion. (ECF No. 37 at p. 2.) In light of the recent extension of the discovery deadlines in this case, the Court will grant a limited extension of the deadline to complete all discovery, including expert discovery, to **November 20, 2025**. The parties shall file a joint status report on or before **November 13, 2025** advising on the status of remaining discovery. The parties are directed to confer with the Individual Practices of Judge Bulsara for the timing and filing of motions for summary judgment, *Daubert* motions, and the parties' Joint Pretrial Order.

---

[2] On August 9, 2025, the undersigned granted the parties' joint motion to extend time to complete discovery, noting that the end date of all discovery, including expert discovery, is extended to and includes October 15, 2025.

12

## CONCLUSION

For the foregoing reasons, Moving Defendants' motion to compel (ECF No. 37) is **GRANTED** in part and **DENIED** in part, specifically as follows:

1. The motion to compel mental health records from Nancy Nosewicz, LCSW is denied as moot.

2. The request for HIPAA authorizations for Dr. McMonigle is granted, but only to the extent that the authorizations seek authorization for records limited to those that relate to the ketamine-based medication that McMonigle prescribed to Plaintiff. The request for "entire records" is denied at this juncture.

3. The request for HIPAA authorizations for the entire records of Plaintiff's unnamed primary care physician is denied.

4. The motion to compel the full psychological tests administered by Dr. Williams and Dr. Williams' notes related to the psychological tests is granted.

The parties shall submit a joint status report on or before **November 13, 2025** advising on the status of remaining discovery in light of the extension of the deadline to complete all discovery, including expert discovery, which has been extended to **November 20, 2025.**

Dated: Central Islip, New York
October 20, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

13